ASSUMPSIT on a promissory note for two hundred and fifty-six dollars and sixty-nine cents, made by the defendant to the order of D. F. Sipperly, December 1, 1874, payable eight months after date at the Middletown Bank, and by him endorsed. The defence alleged was fraud by him upon the defendant at the time of the making of it, and the evidence was, that about that time he came into the neighborhood of Middletown with a newly-patented pruning-knife for sale, and with it also the patent-right to manufacture them for sale. He then availed himself of an asistant well acquainted with and known in the vicinity, and, calling on the defendant, sold him two of the knives. They then went round and sold about two hundred of them to other persons residing in it, and he next induced the defendant to purchase the patent-right for making and selling it in the State on a credit of eight months; and on a promise to send and forward to him when he got back to his place of business, in the State of New York, a certain quantity of the knives, sufficient at the price he was then getting for them to pay the amount of the note; and that was the understanding and bargain between them when the patent-right was purchased and the note was given to him for it by the defendant; but the promised knives were never forwarded to him, and he heard nothing further in regard to the matter until after the note had matured, when he refused to pay it on the ground of fraud. On the part of the plaintiff the evidence was that D. F. Sipperly was indebted to him to the amount of about five hundred dollars, and endorsed the note to him in part payment of the debt a short time before it matured, and that it was so received and accepted by him upon the information and *Page 452 
assurance of Sipperly that the defendant was unquestionably good for it.
Lore, for the plaintiff, contended that whatever fraud or suspicion of it there may have been in the transaction between the maker and the payee of it, in which the note originated, to taint or impeach the validity of it as between them, it was not necessary for him, nor allowable for the jury, to inquire or consider, because Sipperly, the payee, to whom it is solely imputed and is imputable, is not a party to this suit; but for all that appears to the contrary from the evidence, McCarty, the endorsee of the note, and plaintiff in the action, was an innocent holder of it for a valuable consideration given by him for it to the full amount of it, and without any knowledge whatever as to the consideration given, or to be given for it, by Lockwood, the maker of it, to Sipperley, the payee. And the plaintiff having so taken the note in good faith for a valuable consideration by endorsement of she payee before maturity, the policy of the law required that in such a case as this that the defendant shall be held responsible to him in a verdict for the full amount of it, with lawful interest from its maturity. 3 Harr., 385, Bush v. Peckard.
John Biggs for the defendant. A note obtained by fraud and cheating, as this note was, need not be paid by the maker of it. In such a case the presumption in that the payee and his endorsee were mutually interested as partners in the business and enterprise of finding a market down here, in our State, for the sale of this new patent-right for the manufacture of pruning-knives, and were working together for all it was worth, and the most that could be made out of it, at their joint expense and for their joint benefit, and it was for the plaintiff to prove that he was an innocent holder of the note, and had no knowledge of the fraudulent means by which Sipperly procured it from the defendant, or that he had any such interest or connection with him in the sale of the knives and the patent-right to make them. Pars. on Notes and Bills, 87, 193, 194; 1 Pars. on Contr., 476; 2 Ibid., 676, 678; Byles on Bills, 199; Ch. on Cont., 678, 680; 1 Whart. on Cr., § 576. *Page 453 
 The Court,
As the defendant contends that the note was void because of the alleged fraud committed by Sipperly, the payee, upon Lockwood, the maker of it, and by means of which he fraudulently obtained it from him, as he alleges, the jury must be satisfied from the evidence that such fraud was committed as alleged, and further, that the plaintiff, McCarty, the endorsee, and present holder of it, had knowledge of such fraud when he received it from Sipperly, or their verdict should be for the plaintiff for the amount of the note with interest. Otherwise, it should be for the defendant.
The jury did not agree on a verdict.